## RECTOR ET AL. *vs.* DE BAUN, ADM'R.

Where a chancery cause had been finally disposed of before the passage of the act granting writs of error to decrees in chancery, such cause brought here by writ of error, will not be adjudicated : and the writ of error will be dismissed.

THIS was a bill in chancery, determined in the Pulaski Circuit Court, at the special November term, 1837, before the Hon. CHARLES CALDWELL, one of the circuit judges. A particular statement of the case is not necessary, as the cause went off upon another point. James Lemon brought his bill, in 1832, against Rector, Wagner, and Noland: at April term, 1834, his death was suggested, and the case ordered to proceed in the name of Thomas Mathers, his administrator. Final decree passed as above stated. At November term, 1840, the death of Mathers was suggested, and the case proceeded in, in the name of De Baun his administrator, after having been regularly revived in his name. Rector and others brought this writ of error returnable to July term, 1843, of this court. De Baun plead that the final decree was rendered more than three years before suing out this writ. Demurrer to plea and joinder.

*Ashley & Walkins*, for plaintiffs. In support of the demurrer to the plea of the statute of limitations in this case, the plaintiffs in error refer the court to the following authorities. When two judgments are

Rector et al. *vs.* De Baun, adm'r.

given, and the last depends merely on the first as upon its foundation, there if the first fundamental judgment be reversed by a writ of error the latter, which appears in the record to be dependent on it, shall be reversed also. *Mills vs. Conner,* 1 *Black.* 8. *Drury's case,* 8 *Rep.* 281. *Appleby vs. Ive,* Cro. Jac. 645. *Barton vs. Pettit et al.,* 7 *Cranch* 288. *Fowler et al. vs. Gibson et al.,* 4 *Ark.* 427.

But the reversal of the last judgment does not affect the first. *Pettifer's case,* 5 *Rep.* 82. Where judgment was against the defendant, and upon *scire facias* against his executors, execution was awarded and writ of error upon both judgments—*per* Lord HARD-WICKE, "The writ of error is barred as to the first judgment by the statute of limitations, there is error in the second judgment and that must be reversed. *Street vs. Hopkinson, Cas. Temp. Hardwicke* 345. *S. C. 2 Strange,* 1055.

The award of execution may be reversed without affecting the original judgment, which is a distinct part of the record. *Johnson vs. Harvey,* 4 *Mass.* 483.

*Fowler,* contra.

*By the Court,* LACY, J. Without intimating any opinion as to the constitutionality of the act of the legislature of the 31st of December, 1842, allowing writs of error to remove final decrees out of chancery into this court, we have no hesitation in declaring, that if such remedy be lawful, it only meant to apply to cases in equity, which have been decreed since the passage of the act. The legislature never designed, where the matters in controversy had been finally determined and forever at rest, to re-open such cases for further litigation. This would be giving the statute a retroactive operation, which should always be avoided if practicable, or consistent with the rules of a just interpretation. The object was to afford to the party, who deemed himslf aggrieved, a cumulative remedy by apppeal or writ of error, leaving to his own option which mode he would pursue to bring up his case. This position being true, it necessarily follows, that, as the decree was entered and the case finally disposed of long before the passage of the act granting writs of error to decrees in

chancery, the case cannot now be adjudicated in this court upon the transcript of the record returned with the writ of error. It is therefore ordered that the writ of error be dismissed.